UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ABNET,

    Plaintiff,

v.

UNIFAB CORP.,

    Defendant.

/

Case No. 4:05-CV-11

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Plaintiff Jerry Abnet's Motion for Reconsideration under Western District of Michigan Local Rule 7.4 and to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff has asked the Court to reconsider its May 22, 2006 decision, which granted summary judgment in favor of Defendant Unifab Corporation and dismissed Plaintiff's First Amended Complaint. To prevail on the instant Motion, Plaintiff must not only demonstrate that the Court's decision suffers from a palpable defect, but must also show that a different result is manifest. W.D. MICH. LCIVR 7.4(a). The Court's authority to alter or amend its Judgment is discretionary, FED. R. CIV. P. 59(e), and "motions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." W.D. MICH. LCIVR 7.4(a).

    Plaintiff believes the Court's decision granting Defendant summary judgment on his age discrimination and retaliation claims is erroneous for several reasons. First, Plaintiff assigns error to the Court's finding that it could not consider his affidavit supporting his opposition to Defendant's Motion for Summary Judgment because an original signed affidavit was never received by the Court. *See* W.D. MICH. LCIVR 5.7(d)(iii)(A). Plaintiff now advises the Court that he did submit an original affidavit opposing summary judgment and, through mistake or inadvertence, the

affidavit did not appear on the Court's docket. After review of Plaintiff's affidavit, even if the Court were to include that evidence in its original analysis, it does not require a different result.

In his affidavit, Plaintiff suggests he did the same duties that his replacement Robert Payne described on pages 82 and 83 of Payne's deposition. Although this may be true, Payne also testified that between 5 and 15 percent of his time was spent implementing the lean manufacturing and production techniques he learned in college. (*See* Payne Dep. 118). Plaintiff was not trained in lean manufacturing or TRIZ and could not have employed these techniques. (*See* Abnet Dep. 30-31). The inclusion of Plaintiff's affidavit does not undermine the Court's belief that Plaintiff was not replaced by Payne. *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir. 2003) (citing *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990)) (a "person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties . . . ."). Payne was hired to utilize his education and efficiency expertise to effect change in Defendant's manufacturing operation. Plaintiff has no such education or expertise and, thus, the Court finds no error in its decision on this ground.

In Plaintiff's second assignment of error, he contends that the Court improperly analyzed his evidence of age discrimination. Plaintiff asserts that the Court overlooked the fact that the additional duties Payne was hired to perform were beyond his skill set. The Court's May 22, 2006 Opinion adequately addressed this argument and the Court sees no reason to repeat itself. W.D. MICH. LCIVR 7.4(a).[1]

---

[1] Plaintiff also takes umbrage with the Court's observation that Plaintiff's replacement earned a higher wage than he did and its assessment that ordinarily an age discriminatee is an older employee terminated in favor of a younger hire willing to do the same job for less pay. Although Plaintiff rightly points out that a theory of age discrimination need not make economic sense and liability can be premised on an impermissible belief that an older worker is not trainable, the Court did not base its ruling on this point and merely highlighted the unlikelihood in this case that an

Plaintiff's third ground for reconsideration concerns his belief that he presented a *prima facie* case of age discrimination by direct, circumstantial, or statistical evidence tending to indicate that Defendant singled him out for discharge; however, Plaintiff fails to identify this evidence in his Motion. The only evidence on this score the Court found in Plaintiff's Response to Defendant's Motion for Summary Judgment was Defendant's representations that Defendant was seeking an individual to lead them through ISO 9000 certification who would serve as an energetic change agent, would bring new ideas, and constantly shake things up. None of these statements suggest that Defendant singled Plaintiff out for discharge. "The guiding principle is that the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age." *Barnes*, 896 F.2d at 1466. The evidence Plaintiff offered is circumstantial at best and insufficiently probative to sustain a belief of intentional age discrimination. Plaintiff's Motion for Reconsideration on this ground will be denied.

Plaintiff's final basis for reconsideration is his disagreement with the Court's analysis of his retaliation claim. In this regard, Plaintiff's Motion for Reconsideration offers no new dimensions to his previously rejected claim and will be denied on this ground without discussion. W.D. MICH. LCIVR 7.4(a).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Jerry Abnet's Motion for Reconsideration and to Alter or Amend Judgment (Dkt. No. 57) is **DENIED**.

Dated in Kalamazoo, MI:        /s/Richard Alan Enslen
July 12, 2006        Richard Alan Enslen
      Senior United States District Judge

---

employer experiencing a significant economic downturn and dire financial straits would go through the expense of hiring another employee (and pay him more) if the same result were possible in-house.